**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| DAVID A. FOWLER, on behalf of plaintiff and the class members described herein, | ) ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) |
| PORTFOLIO RECOVERY ASSOCIATES, LLC, and BLATT, HASENMILLER, LEIBSKER & MOORE, LLC, | ) ) ) ) ) |
| Defendants. | ) |

## COMPLAINT – CLASS ACTION

## INTRODUCTION

1. Plaintiff David A. Fowler, on behalf of plaintiff and a class, brings this action to secure redress from unlawful collection practices engaged in by defendants Portfolio Recovery Associates, LLC ("PRA"), and Blatt, Hasenmiller, Leibsker & Moore, LLC, ("Blatt"). Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2. The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

## VENUE AND JURISDICTION

3. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331 (general federal question), and 28 U.S.C. §1337 (interstate commerce).

4. Venue and personal jurisdiction in this District are proper because defendants' collection activities impacted plaintiffs within this District, because defendant Blatt is located within the District, and because defendant PRA does business within the District.

1

**PARTIES**

5. Plaintiff David A. Fowler is an individual who resides in Elmwood Park, Illinois.

6. Defendant PRA is a Delaware limited liability company with principal offices located at 120 Corporate Boulevard, Norfolk, Virginia 23502. It does business in Illinois. Its registered agent is Illinois Corporation Service, 801 Adlai Stevenson Drive, Springfield, Illinois 62703.

7. PRA is engaged in the business of using the mails and telephone to collect consumer debts originally owed to others.

8. PRA is a debt collector as defined in the FDCPA.

9. Defendant Blatt is a law firm organized as an Illinois limited liability company with offices at 10 S. LaSalle Street, Suite 2200, Chicago, IL 60603.

10. Defendant Blatt is engaged in the collection of allegedly delinquent consumer debts originally owed to others.

11. Defendant Blatt uses the mails and telephone system in conducting its business.

12. Defendant Blatt is a "debt collector" as defined in the FDCPA.

**FACTS RELATING TO DAVID A. FOWLER**

13. This action concerns postjudgment collection proceedings through which defendants attempted to collect from David A. Fowler a debt incurred for personal, family or household purposes and not for business purposes.

14. On July 7, 2014, PRA, represented by Blatt, commenced a wage deduction proceeding against David A. Fowler in the First Municipal District of the Circuit Court of Cook County. PRA and Blatt sought to enforce a judgment entered on May 29, 2014 against David A. Fowler.

15. David A. Fowler did not reside in the First Municipal District of Cook County. Elmwood Park is in the Fourth District.

16. The matter was not based on a contract signed in the First Municipal District of

Cook County.

17. Postjudgment collection proceedings must comply with 15 U.S.C. §1692i. *Fox v. Citicorp Credit Servs., Inc.*, 15 F.3d 1507, 1515 (9th Cir. 1994) ("The plain meaning of the term `legal action' encompasses all judicial proceedings, including those in enforcement of a previously-adjudicated right."); *Blakemore v. Pekay*, 895 F.Supp. 972, 982-83 (N.D. Ill. 1995).

18. At the time the legal action was filed, Blatt was aware of the decision in *Suesz v. Med-1 Solutions, LLC*, 757 F.3d 636 (7th Cir., July 2, 2014) (*en banc*).

## FACTS – GENERAL

19. It was the policy and practice of PRA and Blatt to take legal action, including postjudgment collection proceedings, against consumers in a municipal district other than one in which the defendant lives or signed a contract in person.

## COUNT I – FDCPA – CLASS CLAIM

20. Plaintiff incorporates paragraphs 1-19.

21. Defendants' practice of taking legal action in a district in which the debtor neither resides nor signed a contract on which the action is based violates 15 U.S.C. §1692i.

22. Section 1692i provides:

> **§ 1692i.    Legal actions by debt collectors [Section 811 of P.L.]**
>
> **(a) Any debt collector who brings any legal action on a debt against any consumer shall--**
>
> **(1)    in the case of an action to enforce an interest in real property securing the consumer's obligation, bring such action only in a judicial district or similar legal entity in which such real property is located; or**
>
> **(2)    in the case of an action not described in paragraph (1), bring such action only in the judicial district or similar legal entity--**
>
> **(A)    in which such consumer signed the contract sued upon; or**
>
> **(B)    in which such consumer resides at the commencement of the action.**

**(b) Nothing in this subchapter shall be construed to authorize the bringing of legal actions by debt collectors.**

## CLASS ALLEGATIONS

23. Plaintiff brings this action on behalf of two classes, PRA and Blatt, pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

24. The PRA class consists of (a) all natural persons (b) against whom PRA took legal action (c) on or after July 3, 2014, (d) in a Cook County municipal district (d) other than one in which the person resided or signed a contract on which the debt is based.

25. The Blatt class consists of (a) all natural persons (b) against whom Blatt (representing anyone) took legal action (c) on or after July 3, 2014, (d) in a Cook County municipal district (d) other than one in which the person resided or signed a contract on which the debt is based.

26. The class members are so numerous that joinder is impracticable. On information and belief, there are more than 40 members of each class.

27. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether defendants' filing practices violate the FDCPA.

28. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

29. A class action is the superior means of adjudicating this dispute. Individual cases are not economically feasible.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class members and against defendants for:

    (1) Statutory damages ($1,000 for David A. Fowler and the lesser of $500,000 or 1% of net worth for the class) against defendants;

    (2) Attorney's fees, litigation expenses and costs of suit;

        (3)       Such other or further relief as the Court deems proper.

                                            s/ Daniel A. Edelman  
                                            Daniel A. Edelman

Daniel A. Edelman  
Cathleen M. Combs  
James O. Latturner  
Rebecca A. Cohen  
EDELMAN, COMBS, LATTURNER  
      & GOODWIN, LLC  
20 S. Clark Street, Suite 1500  
Chicago, Illinois 60603  
(312) 739-4200  
(312) 419-0379 (FAX)

**NOTICE OF LIEN AND ASSIGNMENT**

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

s/ Daniel A. Edelman<br>Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)